UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ CASTILLO,<br><br>        Plaintiff,<br><br>   v.<br><br>E. OCHOA, et al.<br><br>        Defendants. | No. 2:18-cv-0767-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF Nos. 2. He has also filed motions for a temporary restraining order and a preliminary injunction (ECF No. 3), and a motion to expedite review of his motion for injunctive relief (ECF No. 7).

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction

requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

II. <u>Analysis</u>

Plaintiff alleges that, on August 10, 2017 and while incarcerated at Mule Creek State Prison ("MCSP"), defendant Orozco ordered him to submit to a search of his person. ECF No. 1 at 8. He claims that, in the course of the search, another officer – Defendant Ochoa - twice fondled his left nipple. *Id.* Plaintiff describes this act as a "clear sexual assault" which made him feel "mental[ly] and emotional[ly] bad." *Id.* Plaintiff alleges that the foregoing act was undertaken to deter him from pursuing a grievance against defendant Parks – whom plaintiff had previously accused of acting in bad faith by ordering him to submit frequent searches. *Id.* at 7-10.

The court finds that the complaint, as currently articulated, fails to state a viable claim. With respect to the alleged sexual assault, plaintiff has not alleged facts which rise to the level of an Eighth Amendment violation. The allegations here are comparable in degree of seriousness to those the Ninth Circuit considered in *Watison v. Carter*, 668 F.3d 1108 (9th Cir. 2012). In *Watison*, the Ninth Circuit affirmed dismissal of an inmate's Eighth Amendment sexual harassment claim where a correctional officer approached an inmate while he was on the toilet, rubbed his thigh against the inmate's thigh, "began smiling in a sexual contact (sic)," and left the cell laughing. *Id.* at 1112-14. Similarly, the Eighth Circuit's decision in *Berryhill v. Schriro* – which the *Watison* court cited with approval – found no Eighth Amendment violation where an inmate alleged that prison maintenance employees grabbed him by the shoulders and buttocks

3

"briefly." 137 F.3d 1073, 1074-75 (8th Cir. 1998).  The court stresses that plaintiff's allegations against Ochoa – if true – indicate an appalling lack of professionalism and perhaps grounds for administrative discipline.  Nevertheless, they do not amount to a viable constitutional claim.

Next, the court finds that plaintiff has failed to plead sufficient allegations to support his claim that Ochoa's actions were part of a conspiracy to deter him from pursuing a grievance against Parks.  He simply alleges that, after an interview on August 10, 2017 with defendant Orozco concerning his grievance against Parks, he "understood" that Ochoa's actions were intended as deterrence.  ECF No. 1 at 9.  Plaintiff does not allege how he came to this understanding or what evidence supported such a conclusion.  He does allude to the existence of a "buddy system" at MCSP, but his allegations on this system are vague and fail to explain how plaintiff could, with any degree of confidence, be certain that Ochoa's actions were connected to his grievance against Parks.  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations and citations omitted).

## Leave to Amend

Plaintiff may choose to amend his complaint.  He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

/////

4

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Motion for Temporary Restraining Order and Preliminary Injunction</u>

Plaintiff states that he is "suffering and will continue to suffer sexual abuses and retaliation for speech" at the hands of the defendants if the court fails to grant his motion for preliminary injunctive relief. ECF No. 3 at 2. The court, for the reasons stated hereafter, recommends that this motion be denied.

Injunctive relief – either temporary or permanent – is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). The Supreme Court has held that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest.

5

*Id.* at 20. Here, the court has already determined that plaintiff's complaint does not state a cognizable claim under section 1983. Thus, he cannot establish that he is likely to succeed on the merits at this time. Moreover, plaintiff has not shown that he is likely to suffer irreparable harm in the absence of his requested preliminary relief. As noted above, he vaguely alleges that he will continue to suffer sexual abuses and suppression of his speech, but he offers no specific, concrete allegations that either harm is actually imminent. To meet the irreparable harm requirement, plaintiff must demonstrate, rather than simply allege, the existence of irreparable harm. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by *specific* facts that there is a credible threat of immediate and irreparable harm. *See* Fed. R. Civ. P. 65(b).

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

5. Plaintiff's motion for expedited review of his motion for temporary restraining order and preliminary injunction (ECF No. 7) is denied a moot.

Further, it is RECOMMENDED that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2018.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE