UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ CASTILLO, | No. 2:18-cv-0767-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| E. OCHOA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court, on screening, determined that plaintiff's initial complaint failed to state a cognizable claim. ECF No. 8. Plaintiff has filed an amended complaint which the court is also obligated to screen.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff's amended complaint contains several unrelated claims against more than one defendant.

First, he alleges that, while incarcerated at Salinas Valley State Prison ('SVSP'), an individual identified only as 'John Doe' "used inmates to sexual[ly] assault to (sic) Plaintiff." ECF No. 11 at 7. Plaintiff does not describe either the assaults or the means by which defendant Doe effected them. He states only that they occurred at the end of 2016 and during the first three months of 2017. *Id.* In June of 2017, plaintiff was transferred to Mule Creek State Prison ('MCSP'). *Id.*

Second, plaintiff claims that, on June 27, 2017, defendant Parks and several other unidentified officers each conducted a body search of plaintiff – ostensibly to determine whether

1 he had hidden contraband. *Id.* at 8. Plaintiff alleges that only one of these searches was
2 necessary and the others were intended only as a means of harassment. *Id.*

3 Third, plaintiff alleges that, on August 10, 2017, defendant Orozco stopped him as he was
4 exiting the dining room after breakfast. *Id.* She ordered him to submit to a body search, during
5 which she allegedly fondled his left nipple twice. *Id.* at 8-9.

6 The court recognizes that plaintiff has attempted to assert tenuous links between these
7 incidents insofar as he appears to allege that defendant Doe orchestrated them in retaliation for
8 submitted grievances. *Id.* at 7-8. The amended complaint fails, however, to offer any specific
9 allegations detailing Doe's involvement. What remains, then, are three separate and unrelated
10 claims. Whether Doe "used" other inmates to assault plaintiff while he was incarcerated in SVSP
11 is a completely separate factual question from whether defendant Park used body searches to
12 harass him at MCSP. The same is obviously true of the third claim, which occurred several
13 months after the first two. Litigating these claims together in a single case presents obvious
14 procedural and logistical difficulties. Moreover, from a purely administrative standpoint, a
15 litigant is not allowed to litigate multiple unrelated claims and be subjected to a single filing fee.
16 Finally, the court notes that plaintiff was warned that he could not bring multiple, unrelated
17 claims against more than one defendant. ECF No. 8 at 5.

18 III.     Leave to Amend

19 The only question is whether to give plaintiff further leave to amend. Given that the
20 defect in this amended complaint is distinct from the one found in the original, the court will
21 grant plaintiff one final opportunity. As before, plaintiff is cautioned that any amended complaint
22 must identify as a defendant only persons who personally participated in a substantial way in
23 depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a
24 person subjects another to the deprivation of a constitutional right if he does an act, participates in
25 another's act or omits to perform an act he is legally required to do that causes the alleged
26 deprivation). Plaintiff may also include any allegations based on state law that are so closely
27 related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C.
28 § 1367(a).

3

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 11) is dismissed with leave to amend within 30 days from the date of service of this order; and

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action without further leave to amend for the reasons stated herein.

DATED: December 2, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4