UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ CASTILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. OCHOA, et al.<br><br>　　　　　Defendants. | No. 2:18-cv-0767-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court, on screening, determined that plaintiff's first two complaints failed to state a cognizable claim. ECF Nos. 8 &14. Plaintiff has filed a second amended complaint (ECF No. 15), which is screened below.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.   Analysis

Plaintiff alleges that, in August of 2017 and while incarcerated in Mule Creek State Prison, he was under treatment by prison health officials for Post-Traumatic Stress Disorder ("PTSD") based on several instances of previous sexual abuse. ECF No. 15 at 5. On August 10, 2017, he exited his cell to go to the dining room. *Id.* He finished his breakfast and exited the dining hall, but was stopped for a body search by defendant Orozco. *Id.* Defendant Ochoa conducted the search during which, plaintiff alleges, she twice fondled his left nipple. *Id.* Plaintiff alleges that Ochoa knew that he was undergoing treatment for PTSD based on his housing assignment and should have known that her actions might aggravate his symptoms. *Id.* at 6-7. Plaintiff characterizes his claim against Ochoa as proceeding under the Eighth Amendment. *Id.* at 6. Plaintiff also names as defendants Parks and Orozco, but the complaint does not

2

explicitly raise any claims against any defendant other than Ochoa. Thus, the undersigned recommends dismissal of defendants Parks and Orozco.

The claim alleged against Ochoa presents a close call for screening. The court previously explained that Ochoa's fondling of plaintiff's nipple, while if true is unprofessional, but it did not, under the law of this circuit, rise to the level of a constitutional violation. ECF No. 8 at 3-4. In his earlier complaint, plaintiff did not stress that Ochoa knew of his PTSD and the likelihood that her actions would aggravate that condition, however. He now makes that allegation explicit in his second amended complaint. ECF No. 15 at 6-7. It follows that an inmate's particularized symptoms might render certain actions, not dangerous or overly harmful to a healthy person, sufficiently egregious to sustain an Eighth Amendment claim. For instance, a mean-spirited shove down a pair of stairs might be nothing more than an inconvenience for a healthy inmate, but it might send an inmate already on crutches back to the hospital emergency room. While plaintiff's health status at the time is not entirely clear, for screening purposes, the court will allow this claim to proceed.

<u>Conclusion</u>

Accordingly, it is ORDERED that plaintiff's second amended complaint (ECF No. 15) states, for screening purposes, a viable Eighth Amendment claim against Defendant Ochoa.

Further, it is RECOMMENDED that:

1. Defendants Parks and Orozco, and any claims plaintiff might be attempting to raise implicitly against them, be DISMISSED; and
2. This matter be referred back to the undersigned to initiate service of process of the Eighth Amendment claim against defendant Ochoa pursuant to the Court's E-Service pilot program for civil rights cases for the Eastern District of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: May 4, 2020.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE